IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYESHA N. ISOM,<br>　　　Plaintiff,<br><br>v.<br><br>FORMER US PRESIDENT<br>BARACK OBAMA, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 3:21-cv-01385-S (BT) |

| | | |
|---|---|---|
| TYESHA N. ISOM,<br>　　　Plaintiff,<br><br>v.<br><br>TEXAS HISTORICAL<br>COMMISSIONS, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 3:21-cv-01465-N (BT) |

| | | |
|---|---|---|
| TYESHA N. ISOM,<br>　　　Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | 3:21-cv-01577-N (BT) |

| | | |
|---|---|---|
| TYESHA N. ISOM,<br>　　　Plaintiff,<br><br>v.<br><br>EASEWARE TECHNOLOGY<br>LIMITED: DRIVER EASY, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 3:21-CV-01579-S (BT) |

1

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Tyesha N. Isom brings these *pro se* civil actions in this federal court, but he failed to comply with a court order in Case Numbers 3:21-cv-1385-S-BT and 3:21-cv-1465-N-BT, and he also has not shown the Court has subject-matter jurisdiction in Case Numbers 3:21-cv-1577-N-BT and 3:21-cv-1579-S-BT. The Court should therefore dismiss the complaints in Case Numbers 3:21-cv-1385-S-BT, 3:21-cv-1465-N-BT, 3:21-cv-1577-N-BT, and 3:21-cv-1579-S-BT. Isom is warned that if he continues to file frivolous cases in this Court, sanctions and/or a filing bar will be imposed.

### Background

Isom has filed twelve *pro se* civil lawsuits in the Northern District of Texas since June 10, 2021.[1] Four of the eleven lawsuits, Case Numbers 3:21-cv-1385-S-BT, 3:21-cv-1465-N-BT, 3:21-cv-1577-N-BT, and 3:21-cv-1579-S-BT, were referred to the undersigned United States magistrate judge.

On June 14, 2021, Isom filed Case Number 3:21-cv-1385-S-BT in this Court. Along with his complaint, he filed a motion to proceed *in forma pauperis*. (Case Number 3:21-cv-1385-S-BT, ECF No. 4.) On June 16, 2021, the Court granted Isom's motion to proceed *in forma pauperis*. (Case Number 3:21-cv-1385-S-BT, ECF No. 6.) That same day, the Court issued a Notice of Deficiency and Order,

---

[1] Isom also filed six cases in late 2020 and early 2021 in the United States District Court for the Eastern District of Texas.

2

which ordered Isom to file his complaint in compliance with Federal Rule of Civil Procedure 8(a). (Case Number 3:21-cv-1385-S-BT, ECF No. 7.) The order informed Isom that failure to respond and cure the deficiency by July 16, 2021 could result in a recommendation that his case be dismissed. Isom did not file a response, and he failed to comply with the Court's Order.

On June 22, 2021, Isom filed Case Number 3:21-cv-1465-N-BT in this Court. Along with his complaint, he filed a motion to proceed *in forma pauperis*. (Case Number 3:21-cv-1465-N-BT, ECF No. 4.) On June 23, 2021, the Court granted Isom's motion to proceed *in forma pauperis*. (Case Number 3:21-cv-1465-N-BT, ECF No. 6.) That same day, the Court issued a Notice of Deficiency and Order, which ordered him to file his complaint in compliance with Federal Rule of Civil Procedure 8(a). (Case Number 3:21-cv-1465-N-BT, ECF No. 7.) The order informed Isom that failure to respond and cure the deficiency by July 23, 2021 could result in a recommendation that his case be dismissed. Isom did not file a response, and he failed to comply with the Court's order.

On July 7, 2021, Isom filed Case Number 3:21-cv-1577-N-BT. Along with his complaint, he filed a motion to proceed *in forma pauperis*. (Case Number 3:21-cv-1577-N-BT, ECF No. 4.) On August 20, 2021, the Court entered a Notice of Judicial Screening, which advised him that judicial screening of this case was pending. (Case Number 3:21-cv-1577-N-BT, ECF No. 6.)

Last, also on July 7, 2021, Isom filed Case Number 3:21-cv-1579-S-BT. Along with his complaint, he filed a motion to proceed *in forma pauperis*. (Case Number

3:21-cv-1579-S-BT, ECF No. 4.) On August 20, 2021, the Court entered a Notice of Judicial Screening, which advised him that judicial screening of this case was pending. (Case Number 3:21-cv-1579-S-BT, ECF No. 6.)

## Legal Standards and Analysis

A.   Fed. R. Civ. P. 41(b)

In Case Numbers 3:21-cv-1385-S-BT and 3:21-cv-1465-N-BT, Isom failed to obey court orders. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

In Case Numbers 3:21-cv-1385-S-BT and 3:21-cv-1465-N-BT, Isom has failed to comply with the Court's orders to file his complaints in compliance with Federal Rule of Civil Procedure 8(a). The Court cannot screen these two cases, and thus this litigation cannot proceed in either case, until he cures these deficiencies. Isom has failed to prosecute his lawsuits and also failed to obey court orders.

4

Dismissal without prejudice is warranted under these circumstances. Therefore, the Court should dismiss Isom's complaints in Case Numbers 3:21-cv-1385-S-BT and 3:21-cv-1465-N-BT under Rule 41(b).

B.   <u>Subject-Matter Jurisdiction</u>

Next, the Court will *sua sponte* address its subject-matter jurisdiction in Case Numbers 3:21-cv-1577-N-BT and 3:21-cv-1579-S-BT. Federal courts have limited subject-matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Federal courts are obliged to examine the basis for the exercise of federal subject-matter jurisdiction. *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999). A federal district court may examine its subject-matter jurisdiction over a matter, *sua sponte*, at any time. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject-matter jurisdiction); *see also MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) ("Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time.").

Federal district courts have original jurisdiction over two types of cases: (1) cases that arise under federal law, generally referred to as "federal question jurisdiction," and (2) cases in which the amount in controversy exceeds $ 75,000 and there is complete diversity of citizenship among the parties ("diversity

5

jurisdiction"). 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332(a) (diversity jurisdiction); *see also Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). There is a presumption against subject-matter jurisdiction, and it must be rebutted by the party filing an action in federal court. *See Coury*, 85 F.3d at 248. "The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

When a litigant is proceeding *pro se*, the court must liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing that *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than pleadings drafted by lawyers"); *see also Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997) ("Because [the party] is *pro se*, we construe his pleadings liberally.") (citing *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 & n.16 (5th Cir. 1996)); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990) (citing *Haines v. Kerner*, 404 U.S. 519 (1972), and noting that it calls for an expansive reading of *pro se* pleadings).

When determining whether federal-question jurisdiction exists, it "must be determined by reference to the 'well pleaded complaint.'" *Merrell Dow Pharms. Inc. v . Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). This means that the complaint must "raise issues of federal law sufficient to support federal question jurisdiction." *Rodriquez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017

6

(5th Cir. 1993). Generally, there is no federal jurisdiction when the plaintiff pleads only a state law cause of action. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

In Case Number 3:21-cv-1577-N-BT, Isom alleges that on June 9, 2021, the Visa card machine on the vacuum/air machine at the Chevron Gas Station in Richardson Texas was not working, and he could not vacuum his vehicle. (Case Number 3:21-cv-1577, ECF No. 3 at 1). He is now suing Chevron Corporation based on a theory of "product defective liability & broken damaged products." *Id.* Isom claims that due to the Visa card machine not working, he had to waste his time and money to drive to another location. *Id.* He has made no factual allegations that support federal question jurisdiction. *Id.* On the Civil Cover Sheet, Isom marked that federal court jurisdiction was proper because there is a "U.S. Government Plaintiff." *Id.* 2. Isom specifically notes that he is suing for a product defect and liability under "state statutes." *Id.* He also claims that the nature of his lawsuit involves the "constitutionality of state statutes." *Id.* Finally, he alleges the amount in controversy is $40,000. *Id.*

In Case Number 3:21-cv-1579-S-BT, Isom alleges that on June 5, 2021, the manufacturer or distributor, Easeware Technology, who is responsible for Driver Easy and Super Easy internet coupons for GrubHub products was not active at the time of use as promised for existing customers. (Case Number 3:21-cv-1579-S-BT, ECF No. 3 at 1). Isom claims that he did not get the discount applied to his meal, which ended up costing him $21.16 at Wings & Nuts Sports Bar and Grill in

7

Richardson, Texas. *Id.* Isom has named Easeware Technology Limited: Driver Easy and SuperEasy as defendants. *Id.* On the Civil Cover Sheet, he marked that federal court jurisdiction was proper because there is a "U.S. Government Plaintiff." *Id.* 2. He also states he is suing for "fraud," and he seeks $40,000 in damages. *Id.*

Isom fails to plead facts supporting federal question jurisdiction. He does not identify any federal statute or other law as giving rise to his claims. Rather, he alleges state law causes of action, like products liability and fraud, and he even states he is proceeding under state statutes—although he fails to identify any particular statute. His bald statement on the Civil Cover Sheet that the case involves a "U.S. Government Plaintiff" is inconsistent with his other assertions. And that statement is not sufficient, by itself, to confer subject-matter jurisdiction on the Court.

Isom also fails to plead facts demonstrating subject-matter jurisdiction based on diversity jurisdiction. "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). When the asserted basis of federal jurisdiction is the diversity of the parties under § 1332, the party seeking to invoke federal diversity jurisdiction bears the burden of establishing that the parties are diverse and the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In Case Numbers 3:21-cv-1577-N-BT and 3:21-cv-1579-S-BT, Isom

8

seeks only $40,000 in damages in each case. (Case Number 3:21-cv-1577-N-BT, ECF No. 3 at 2; Case Number 3:21-cv-1279-S-BT, ECF No. 3 at 2). Even if there was a complete diversity of citizenship among the parties in either case, the amount in controversy is insufficient because it does not exceed $75,000. Isom bears the burden of demonstrating that the amount in controversy exceeds $75,000. *See Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (noting the party invoking federal jurisdiction must establish the amount in controversy is above $75,000 by a preponderance of the evidence). Isom has failed to meet his burden.

In sum, even under the most liberal construction, Isom has failed to allege facts supporting either federal question or diversity jurisdiction. Isom's complaints in Case Numbers 3:21-cv-1577-N-BT and 3:21-cv-1579-S-BT should therefore be dismissed *sua sponte* for lack of subject-matter jurisdiction.

C.   Sanctions

Last, the Court will address the extent to which Isom's frivolous lawsuits in this Court warrant sanctions. As noted, Isom filed a dozen civil lawsuits in this Court between June 10, 2021 and September 14, 2021. When frivolous filings are received and addressed by a court, it impinges on the court's limited resources, and a court has a responsibility to ensure its resources are allocated in a manner to promote the interests of justice. *See Martin v. Dist. of Columbia Court of Appeals*, 506 U.S. 1, 3 (1992) (per curiam) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's

9

limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.") (quoting *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam)); *see also Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (review of a trial court's sanctions against vexatious or harassing litigants is addressed under the lenient standard of abuse of discretion standard) (citing *Gelabert v. Lynaugh*, 894 F.2d 746, 747 (5th Cir. 1990) (per curiam)); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (*Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). Isom is advised that his frivolous filings in this Court are an abuse of this Court's limited resources. **Therefore, Isom is warned that if he continues to file frivolous *pro se* cases in this Court, sanctions and/or a filing bar may be imposed.**

## Conclusion

For the reasons stated, the Court should DISMISS Isom's complaints without prejudice in Case Numbers 3:21-cv-1385-S-BT and 3:21-cv-1465-N-BT, 3:21-cv-1577-N-BT, and 3:21-cv-1579-S-BT.

**SO RECOMMENDED**.

October 6, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).